(57 App. Div. 572.)

NELSON v. HATCH.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

APPEAL—REARGUMENT—RECORD.

Where it was alleged as a ground for reargument of an appeal that the court based its determination on issues not tried before the referee, and that by consent of both parties the only question tried before the referee was the rescission of a certain contract, which was denied by the affidavit opposing the reargument, and no such consent appeared on the record, the motion should be denied, since controversies to be decided on appeal must be based on facts disclosed by the record.

On motion for reargument. Motion denied.

For former opinion, see 67 N. Y. Supp. 570.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

PER CURIAM. The ground upon which a reargument is asked is that the court, in making its decision, erroneously stated the facts, and based its determination upon a cause of action not tried before the referee. 67 N. Y. Supp. 570. There is submitted in connection with the motion an affidavit of the defendant, Hatch, which tends to establish that the case was tried and disposed of by the referee upon a concession by the plaintiff that the cause of action set forth in the complaint was for a rescission of the contract, and that this was the only question litigated upon the trial, and presented to the referee for his determination by common consent of the parties. Assuming this to be true, it cannot be made the basis for granting

a reargument of the case. It is not pretended that the record sub-mitted upon the appeal contains such matter, nor is there anything from which such condition can be spelled out from all that appears therein. It cannot be expected that the court can or will dispose of questions which the record does not disclose. Controversies are to be decided, based upon the facts appearing in the record, and not upon matters extrinsic, whether they exist or not. Besides, it is denied in the opposing affidavit that the ground relied upon was conceded to be the only issue presented to the referee, and it is claimed therein that the plaintiff sought recovery solely upon the ground of a breach of contract. The utter futility, therefore, of at-tempting to save rights which a party claims exist, which is not made to appear in the record submitted upon the appeal, is clearly apparent. If this motion should now be granted for this reason, it is evident that the court would have no record before it upon which it could base a determination upon this question; and, be-fore the defendant could bring the question properly to the atten-tion of the court, it would require a new case to be made and settled. And, were this practice once to obtain, it would produce hopeless con-fusion, and neither courts nor litigants could ever be certain that any litigation was at an end, even though apparently finally decided.

So far as the motion seeks to raise other questions, it is enough to say that they were all examined, and a conclusion reached ad-verse to the contention of the defendant.

The motion for a reargument should be denied, with $10 costs and disbursements.